UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>    Defendant. | Case No. 24-cv-07436-PCP<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 2, 3, 6 |

Gregory Van Huisen, an inmate at the Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He sues The United States House of Representatives and the Speaker of the House. Compl. at 2.

The Complaint is now before the Court for review under 28 U.S.C. § 1915A. Mr. Van Huisen's Complaint is dismissed with prejudice because it does not state a claim for relief.

**I.    Background**

    Mr. Van Huisen summarizes his claim(s) as follows: [Election Contest] Primary 2024 Election * The Nina This Complaint, [A Case of First Impression] See For Tenor of Suit [Reasonable Belief] House of Representatives – Speaker, His Responsibility for Claim Includes Duty, Diligence, And Precedence. [Now] – Lost Leader, Speaker Is Protecting An Incumbent, The Acting Present of the U.S.. Concise. [Now] – Color of State Law. Acts 7:53, "Having Received the Law By The Disposition of Angels And Have Not Kept It." Now the White House Held Captive By Piracy. See [Notorious Possession] And [ Limitation]. Core Terms: Usurpation, Unjust Enrichment Such As: Unlawful Prosecution. Collapse Facing A False Election, Lack of Diligence Three of in the Disposition of Evils, Jenga. Alas Ships On The Horizon, "A Separate But Equal Station – Luke 17:20", The Kingdom of God Cometh Not By Observation". Eye of Providence. Magna Carta, Providence, Enigmatic, Obscure, Time Apportioned And Reuecation. See The Reverse Seal of The United States. The Eye of Providence, Prudence Is Within Its Definition And Is Defined As

> A Female Name. Arriving The Nina, The Penta, And The Santa Maria. Backbone! Gregory S. Van Huisen is The Bona Fide Patrician Victim And Plaintiff To A Case of First Impression, "The Nina" And The Case in Point, "The Penta", And The Habeas Corpus, "The Santa Maria." All the Foregoing Concise, A Valid Point Capable Of Being Justified.

Compl. at 3-4.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

Mr. Van Huisen does not state any claim for relief. Mr. Van Huisen does not identify any injury that has been done to him, nor does he provide any facts to support any of his allegations. *See generally id*. Rather, Mr. Van Huisen fills ten pages with difficult-to-decipher statements and quotations from religious sources, films, and some unknown text that appears to be related to Christopher Columbus's ships. *See id*. He also relates an experience where he went fishing. *See id*. at 8-9. The Complaint does not inform the Court who injured Mr. Van Huisen, how he was injured, where and when he was injured, and why he believes this injury was unlawful. Accordingly, Mr. Van Huisen has failed to state a claim.

In this District alone, Mr. Van Huisen has filed eleven civil rights lawsuits with similarly difficult to understand and often impossible allegations, often against improper defendants.[1] When given an opportunity and detailed instructions on how to amend, Mr. Van Huisen has failed to

---

[1] *See Van Huisen v. Goss*, Case No. 23-cv-4210-PCP; *Van Huisen v. Gates*, Case No. 23-4447-PCP; *Van Huisen v. Central Intelligence Agency*, Case No. 23-4591-PCP; *Van Huisen v. United States Air Force*, Case No. 23-cv-4753-PCP; *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP; *Van Huisen v. Volkswagen Motors*, Case No. 23-cv-4866-PCP; *Van Huisen v. Burns*, Case No. 23-cv-4914-PCP; *Van Huisen v. DiCaprio*, Case No. 23-cv-5081-PCP; *VanHuissen v. Warner Bros.*, Case No. 24-cv-5788-PCP; *Van Huisen v. Chief of Staff Navy*, Case No. 24-cv-7015-PCP; *Van Huisen v. United States House of Representatives*, Case No. 24-cv-7436-PCP.

correct these defects. *See, e.g.*, *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP. Although district courts generally afford prisoner litigants the opportunity to amend their complaint, a district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, in light of Mr. Van Huisen's history of filing meritless actions, the Court concludes that leave to amend would be futile and should not be granted. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be given where amendment would be futile).[2]

## IV. Conclusion

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend.

The Court certifies that any appeal of this order is not taken in good faith.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: July 17, 2025

P. Casey Pitts
United States District Judge

---

[2] For Mr. Van Huisen's benefit, the Court notes that its dismissal means he cannot proceed on these claims and facts. If Mr. Van Huisen re-files the same claims in a new action, on the same facts, that action also will be dismissed for failure to state a claim. Every dismissal for failure to state a claim is a "strike" under the Prison Litigation Reform Act.